UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIE ROGERS,<br><br>   Petitioner,<br><br>   v.<br><br>STATE OF INDIANA,<br><br>   Respondent. | CAUSE NO. 2:25-CV-197-GSL-AZ |

OPINION AND ORDER

Willie Rogers, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for invasion of privacy under Case No. 44C01-2109-CM-388. Following a jury trial, on April 4, 2023, the LaGrange Circuit Court sentenced him to one year of incarceration with 245 days suspended pending a term of probation.[1] Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The court considers whether the custody requirement is satisfied. 28 U.S.C. § 2254(a) allows individuals to pursue habeas petitions only if they are in custody pursuant to the judgment of a State court. The custody requirement is satisfied if the petitioner was in custody at the time the petition was filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). On May 1, 2025, Rogers filed the habeas petition initiating this case in which he

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

represented that he was no longer in custody. ECF 1 at 3. The length and timing of his sentence in Case No. 44C01-2109-CM-388 are consistent with this representation.

Rogers maintains that the habeas procedures mandated by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) are unconstitutional, but the custody requirement is materially different than the various procedures established by AEDPA; it is a definitional component of habeas corpus that vastly predates AEDPA. *See Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973) ("It is clear, not only from the language of Sections 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody. . . . By the time the American Colonies achieved independence, the use of habeas corpus to secure release from unlawful physical confinement, whether judicially imposed or not, was thus an integral part of our common-law heritage."). Because Rogers was no longer in custody when he filed the petition in this case, the court cannot grant him habeas relief.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for

finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Rogers to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) pursuant to Section 2254 Habeas Corpus Rule 4 because Willie Rogers was not in custody when he filed the habeas petition;

(2) DENIES Willie Rogers a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on May 16, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT